IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ERIK HEIGELMANN #1736719 | § | |
| v. | § | CIVIL ACTION NO. 5:11cv130 |
| SHERIFF JAMES PRINCE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Erik Heigelmann, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Heigelmann named Bowie County sheriff James Prince, the Community Education Center, the Bi-State Justice Center, and Dr. James Nash.

Heigelmann complained of an accident at the Bowie County Correctional Center annex on December 14, 2009, in which he states that he sustained serious head and lower back injuries. He was taken to the local free-world hospital, Wadley Hospital, but Dr. Nash and the rest of the medical staff at the jail did not give him the medication which was prescribed at the hospital. He complains that the jail medical staff ignored his sick call requests and gave him different medication than what he was prescribed. Finally, Heigelmann states that he was taken back to the hospital on November 10, 2010, almost a year later, and given epidural steroid injections. He asserts that the doctors at Wadley told him that something should have been done much sooner and that there was no reason that anyone should have to suffer like that. One of these physicians, Dr. Gibson, told him that his only hope was surgery and referred him to a pain control doctor, Dr. Kahn, but Dr. Nash and jail

nurse Sarah Michaelis would not allow him to do so; Heigelmann states that the overwhelming pain has triggered anxiety attacks.

Heigelmann also complains that the jail medical staff denied him a wheelchair and a shower chair, with the result that he cannot wash himself properly. He concedes that he has received medications called ibuprofen, Flexeril, Ultram, steroids, and Tylenol 3, a combination of Tylenol and a narcotic called codeine, but contends that none of this has helped.

Heigelmann explains that in the emergency room, he was prescribed Vicodin, but Michaelis told him that he would not get it because it was a narcotic and not allowed in the jail. However, she then gave him Tylenol 3, which is also a narcotic, and told him that was all he would get. When he complained that this was also a narcotic and asked why he could not have the medication which he was prescribed, Michaelis told him that he should be happy to get the Tylenol 3; when he continued to complain to her, she told the guards to put him in segregation for "medical observation." A week later, when Dr. Nash prescribed four Tylenol 3's and two Flexerils for pain, Heigelmann asked why he could not have the medication which he was prescribed, and Dr. Nash told him that Bowie County would not pay for it and that "his hands were tied, there was nothing more he could do." Heigelmann also complained that Dr. Nash did not do any follow-up checks on him and states that as of May 22, 2011, he had seen the doctor one time in the preceding seven months.

In his second claim, Heigelmann complains of the failure by the jail to provide adequate law library services. He asked to go to the law library several times, but was told that "Texas does not require a law library." He explained that he wanted to look up materials pertaining to the criminal charges against him, but because he could not, he did not know the right questions to ask his lawyer or to tell the lawyer what motions he wanted filed. As a result, Heigelmann states that he took his case to trial and lost, but that had he been able to research his case, he might have won.

The Magistrate Judge ordered the Defendants to answer the lawsuit. Dr. Nash filed a motion to dismiss for failure to state a claim, and all of the Defendants filed a joint motion for summary judgment based upon failure to exhaust administrative remedies.

With regard to the exhaustion issue, the Magistrate Judge reviewed the grievances which Heigelmann filed and determined that he had properly exhausted one of these, grievance no. BOW 20100004. In this grievance, Heigelmann complained of the quality of the medical care he is receiving in that the medications being provided to him are not working. This claim was thus properly exhausted; however, Heigelmann's remaining claims, including his assertions that he was denied access to the law library, he did not get a shower chair, and he did not receive the medication that he was prescribed at the hospital, were not properly exhausted.

Turning to the issue of Heigelmann's medical care, the Magistrate Judge set out the standards for deliberate indifference claims and reviewed Heigelmann's medical records in light of these standards. The Magistrate Judge concluded that Heigelmann had wholly failed to show that the Defendants were deliberately indifferent to his serious medical needs; on the contrary, Heigelmann repeatedly received various types of medication in an effort to control his pain. These included Tylenol 3, ibuprofen, Mobic, Ultram, Flexeril, an oral steroid called prednisone as well as steroid injections, and an anti-anxiety medication called amitryiptyline. The fact that these medications were not as effective as Heigelmann may have wished does not show that the medical personnel were deliberately indifferent to his serious medical needs.

The medical records revealed that Heigelmann had a chronic back condition which was undoubtedly aggravated by the fall which he suffered. Given the nature of back pain, the Magistrate Judge stated that under those circumstances, it was unlikely that any medication available would have rendered Heigelmann free from pain. He was given a narcotic, Tylenol 3, as a substitute for the narcotic prescribed at the hospital, Vicodin. The Magistrate Judge stated that there was no constitutional right to a non-existent miracle cure, and that the fact that the medical care provided may not have been "the best that money could buy" likewise does not show deliberate indifference to his serious medical needs.

With regard to the law library, the Magistrate Judge concluded that this claim was frivolous as well as being unexhausted. The Magistrate Judge cited Fifth Circuit case law holding that where

an inmate is represented by counsel, he has no constitutional right of access to the law library, because his right of access to court is provided by his attorney. The Magistrate Judge therefore recommended that Dr. Nash's motion to dismiss and the Defendants' joint motion to dismiss for failure to exhaust be granted and that the lawsuit be dismissed with prejudice as to Heigelmann's claim of deliberate indifference to his serious medical needs, with prejudice as frivolous and for failure to exhaust administrative remedies as to Heigelmann's claim of denial of access to the law library, and with prejudice for failure to exhaust administrative remedies as to Heigelmann's claims that he was denied a shower chair and that he was given different medications than those he was prescribed at the hospital.

Heigelmann filed objections to the Magistrate Judge's Report on February 27, 2012. In his objections, Heigelmann states that the medical care which he received at the Bowie County Jail was far from being "the best that money could buy." He states that the jail staff told him that they were concerned about his liver enzymes, but that all they did was "add more and more pills to my intake that did not help the pain at all and could only have made my liver enzymes higher." He asks why he was told that he could not have one medication because of his liver enzymes, but then turn around and add another pill to his intake.

Heigelmann states that he was prescribed 800 mg of ibuprofen three times a day, which damaged the lining of his stomach and causes him now to have to take ranitidine for acid reflux. He states that doctors have told him that he should not take more than 1600 mg of ibuprofen a day, but he received 2400 mg per day at the Bowie County Correctional Center. Heigelmann asks why they did not give him one pill per day to save his liver, give him something that actually worked, and give him the medication prescribed for him at Wadley.

In addition, Heigelmann complains that his blood pressure was never stable and the medication he received for this condition also did not work, even though he got five different types of blood pressure medications. He contends that the medical care which he received was not professional, in his opinion, and he believes the nurses, particularly Sarah Michaelis, retaliated

against him because he was constantly begging for help. Heigelmann states that he now has to walk with a walker and must have surgery because of discs in his back which have ruptured and will rupture, and because of the facet disease (i.e. a disease of the joints in the back vertebrae).

Heigelmann's objections are without merit. The medical records show, as the Magistrate Judge observed, that the jail medical staff provided a number of different pain medications, including a narcotic, as well as muscle relaxants and steroids. The fact that these treatments did not prove as successful in treating Heigelmann's pain as he would have liked does not show that the medical staff was deliberately indifferent to his needs. Similarly, the fact that one narcotic, Tylenol 3, was substituted for another narcotic, Vicodin, does not show deliberate indifference to Heigelmann's serious medical needs.[1] *See, e.g.*, Barnes v. Milam County Sheriff's Department, 378 Fed.Appx. 430, 2010 WL1948359 (5th Cir., May 14, 2010) (allegations that jail medical department discontinued prescribed medications and substituted other medications did not set out a claim of deliberate indifference to serious medical needs); Roberts v. Louisiana Department of Corrections, 163 F.3d 1357, 1998 WL 858835 (5th Cir., November 20, 1998) (allegation that available medication was substituted for unavailable medication did not set out a viable cause of action under 42 U.S.C. §1983). Heigelmann has not shown that his complaints were ignored or that he was intentionally treated incorrectly, nor any other conduct by the defendants which would clearly evince a wanton disregard for his medical needs. These objections are without merit.

Heigelmann also referred in his objections to a claim of retaliation by Nurse Michaelis. He did not mention any retaliation in the one grievance which he properly exhausted, and so to the extent that he raises a retaliation claim, such claim is subject to dismissal for failure to exhaust administrative remedies.

Heigelmann did not object to the dismissal of his remaining claims for failure to exhaust administrative remedies, nor to the Magistrate Judge's conclusion that his claim of denial of access

---

[1] Tylenol 3 consists of acetaminophen and a narcotic called codeine, while Vicodin consists of acetaminophen and a narcotic called hydrocodone.

to the law library was frivolous. Accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's complaint, the dispositive motions filed by the Defendants, the evidence attached thereto, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant Dr. Nash's motion to dismiss (docket no. 8) and the Defendants' joint motion for summary judgment (docket no. 12) are hereby GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the Plaintiff's claim that Dr. Nash was deliberately indifferent to his serious medical needs; DISMISSED with prejudice as frivolous and for failure to exhaust administrative remedies as to the Plaintiff's claim that he was denied access to the law library, and DISMISSED with prejudice for failure to exhaust administrative remedies as to all other claims in the lawsuit, including but not limited to the Plaintiff's claims that he was denied a shower chair, he was given different medications than were prescribed at the hospital, and that he was the victim of retaliation. It is further

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall send a copy of this order to the Administrator of the Three Strikes List for the Eastern District of Texas.

**SIGNED this 7th day of March, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE